# UNITED STATES DISTRICT COURT
# OF MASSACHUSETTS (BOSTON)

Case# 1:19-CV-10671-JCB

EMMANUEL EVARISTE
  V.
STATE OF MASSACHUSETTS
  AND
OFFICER VELEZ

U.S. DISTRICT COURT
DISTRICT OF MASS.
2019 APR 22 PM 1:30
FILED
IN CLERKS OFFICE

## COMPLAINT

    Here comes the plaintiff with a complaint against the defendant the State of Massachusetts and officer Velez for the torts Intentional infliction of emotional distress and gross negligence committed by Bristol County Sheriff's office. On March 7th, 2019 while in ICE custody at Bristol County sheriff's office and being transported to Immigration court, an inmate with a prior PREA incident demanded to perform oral sex on the plaintiff. The plaintiff quickly notified the correctional officer on duty. The inmate was reprimanded and taken to segregation. On March 27th, 2019 correctional officer Velez purposely placed the same inmate in the plaintiff's cell. The officer Velez was emotionally attached to a nurse name Natalia Rodriguez who aslo works at Bristol County Sheriff's Office. The nurse was very friendly with the plaintiff Evariste and that angered officer Velez. Officer Velez even confronted the plaintiff about the nurse. This is the cause of Officer Velez targeting the plaintiff Evariste. So on March 27th, officer Velez placed the PREA inmate in the plaintiff's cell to retaliate against the plaintiff for in response to the ongoing feud. The plaintiff Evariste quickly notified the guard on duty and the inmate was taken to segregation again. However, the plaintiff received a disciplinary report stating he used explicit and threatning language toward the correctional officer on duty for the incident. On April 5th, 2019, Officer Velez threatned the plaintiff again because he filed a grievance against him. That is a retaliatory act that is unlawful. Bristol County Sheriff's officials failed to answer to the plaintiff grievance and reports of inmate abuse against officer Velez. The defendants The State of Massachusetts and officer Velez is held liable for the torts committed against the plaintiff Evariste since they and Bristol County Sheriff's office share the same entity. Therefore the state of Massachusetts is the proper party to be summoned.

    Liability for intentional or reckless infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.
(1) Title VII retaliation;
(2) Claims under the Administrative Procedure Act ("APA") involving (a) the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("the No FEAR Act"), and (b) noncompliance with a Final Agency Order;

    (1)Eighth Amendment-Endangerment/Failure to Protect "'
[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted). An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The subjective component of an Eighth Amendment claim requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference to the plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

(1)

(2) Intentional infliction of emotional distress claims. The plaintiff asserts {852 N.E.2d 1103} that it was error to dismiss his claims against the probation officers for intentional or reckless infliction of emotional distress. 8 With respect to intentional torts, including intentional infliction of mental distress, claims against the public employer are barred, see G.L. c. 258, § 10 (c), but may be asserted against the public employee in his individual capacity. By contrast, where only ordinary negligence is alleged, claims may not be asserted against the public employee, but may be brought against the public employer. See G.L. c. 258, § 2. For purposes of G.L. c. 258, recklessness is considered negligent, rather than intentional, conduct. See Forbush v. Lynn, 35 Mass. App. Ct. 696, 699, 625 N.E.2d 1370 (1994); Jackson v. Milton, 41 Mass. App. Ct. 908, 908-909, 669 N.E.2d 225 (1996). Accordingly, to the extent that the plaintiff alleges reckless behavior on the part of the probation officers, the claim is barred by the statute and dismissal was appropriate.

(3) To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show (A) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct . . .;
(B) that the conduct was 'extreme and outrageous,' was 'beyond{67 Mass. App. Ct. 181} all possible bounds of decency[,]' and was 'utterly intolerable in a civilized community' . . .;
(C) that the actions of the defendant were the cause of the plaintiff's distress . . .; and

(4) General Laws c. 258, § 10, inserted by St. 1978, c. 512, § 15, provides in relevant part: "The provisions of sections one to eight, inclusive [permitting certain claims against public employers for negligence on the part of public employees], shall not apply to: . . . (b) any claim based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused."

(5) liability under 42 U.S.C.S. § 1983, a plaintiff must demonstrate that the defendant, acting under color of state law, violated his or her federal constitutional rights, thereby causing the complained of injury. There are two aspects to the second inquiry:
(A) there must have been a deprivation of federally protected rights, privileges or immunities, and
(B) the conduct complained of must have been causally connected to the deprivation.
This second element of causal connection in turn requires that the plaintiff show:
(A) it was the defendant's own actions that deprived the plaintiff of the protected right; and
(B) that the conduct was intentional, grossly negligent, or amounted to a reckless or callous indifference. Furthermore, the plaintiff must also show that each individual defendant was involved personally in the deprivation of constitutional rights because no respondent superior liability exists under § 1983.

The plaintiff Evariste has provide in his exhibit a copy of the disciplinary report which detail the incident of PREA between the inmate and the plaintiff. This report also detailed the course of action which is clearly questionable and show gross negligent on the part of the Bristol County Sheriff's officials. The defendant the state of Massachusetts and Officer Velez is held liable for the plaintiff injury caused by their intentional or reckless infliction of emotional distress, and gross negligence. The plaintiff seeks $10 million in total relief for intentional or reckless infliction of emotional distress, Title VII retaliation, violation of Eighth Amendment-Endangerment/Failure to Protect, pain and suffering.

Respectfully Submitted

4-11-19