**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Emmanuel Evariste, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. |
| | )    19-10671-NMG |
| Commonwealth of Massachusetts, | ) |
| Officer Velez, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This civil rights action is one of many filed by <u>pro</u> <u>se</u> litigant Emmanuel Evariste ("Evariste" or "plaintiff") in which he alleges that while in custody of Immigrations and Customs Enforcement ("ICE"), the Commonwealth of Massachusetts ("the Commonwealth") and Officer Velez ("Velez"), a corrections officer, violated his constitutional rights and are liable to him under 42 U.S.C § 1983. He also asserts that he was the victim of intentional infliction of emotional distress and gross negligence.

Pending before the Court are eight motions for entry of default judgment filed by plaintiff and a motion to dismiss filed by the Commonwealth and Officer Velez (collectively "defendants"). For the following reasons the motions for default

will be denied and the motion to dismiss will be allowed.   Due
to dilatory and inexcusable conduct, the attorney for the
Commonwealth, Robert Novack, will be sanctioned in the amount of
$500 pursuant to Fed. R. Civ. P. 16(f) and the inherent powers
of the district court.

### I. __Background__

Evariste is an immigration detainee of ICE who, at the time
of the alleged incident, was in custody at the Bristol County
Jail and House of Correction.   In March, 2019, Evariste alleges
that his constitutional rights were violated while he was being
transported from the Bristol County Sherriff's office to the
Immigration Court in Boston, Massachusetts.   Evariste claims
that during the course of that transportation another detainee
made sexual demands upon him.   He notified officers and that
detainee was removed from his presence.   Several weeks later,
Evariste alleges that the same offending inmate was deliberately
placed in his cell as part of a feud between himself and Officer
Velez.   When Evariste complained, the inmate in question was
removed.   There is no allegation that any sexual contact ever
occurred.   Plaintiff also alleges that Officer Velez
"threatened" him.

As a result of these events, Evariste claims that the
Commonwealth of Massachusetts and Officer Velez are liable for

constitutional violations, gross negligence and intentional
infliction of emotional distress.

## II.  **Procedural History**

Evariste filed his initial complaint against the Bristol
County Sheriff's Department in April, 2019.  He was granted
permission to proceed in forma pauperis and, in May, 2019, filed
an amended complaint substituting the Commonwealth of
Massachusetts and Officer Velez as defendants.  Both defendants
were served with process that month.

In June, 2019, Evariste filed the first of several requests
for notice of default because neither Officer Velez nor the
Commonwealth responded to the complaint within the requisite
period of time.  Plaintiff then filed a motion for default
judgment on July 1, 2019.  On July 16, 2019, Magistrate Judge
Jennifer C. Boal entered an Order to Show Cause, obligating the
Commonwealth promptly to show cause why it should not be
defaulted.  Plaintiff continued repeatedly to petition the Court
for entry of a default judgment.

Neither the Commonwealth nor Officer Velez submitted a
reply (or otherwise responded to the Court) and, on August 13,
2019, the Magistrate Judge entered a default in favor of
plaintiff and transferred the case to this session of the Court
for disposition.

Within the following two months, Evariste filed five additional motions for default to which there were no responses.

In October, 2019, after this Court had scheduled a status conference, the Commonwealth and Officer Velez filed a motion to dismiss for failure to state a claim.  Neither in that motion, nor in any other pleading, did the Commonwealth move to set aside the default or explain why it had failed to respond to the Magistrate Judge's order to show cause.

On January 22, 2020, this Court convened a hearing on the eight pending motions for entry of default judgment and the motion to dismiss.  At that hearing, the Court heard from defense counsel, Attorney Robert Novack, as to why he had failed to respond to the complaint, the motions for default judgment and the order to show cause.  The defendants then made a motion to remove the defaults.  The Court concluded that (1) because plaintiff had not been materially prejudiced by the delay, defendants should not be defaulted but (2) because of Attorney Novack's inexcusable and unjustified failure to respond to a show cause order from the Magistrate Judge or the plaintiff's motions, he should be sanctioned in the amount of $500.

### III. **Motion to Dismiss**

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain

-4-

"sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

Evariste's amended complaint is devoid of any specific allegations that could lead to an inference that his constitutional rights were violated or that he suffered harm resulting from the defendants' actions.  He complains of (1) being propositioned for sex by another inmate and (2) later

being placed in the same cell with that inmate for a short period of time.  He does not allege any use of coercion or force by an officer or that any sexual act or harm ultimately occurred.  Evariste's assertion that Officer Velez "threatened" him is conclusory and unsupported by any factual allegations. In sum, Evariste does not claim that he was harmed by defendants' conduct.  As a matter of law, the conduct does not rise to the level of a constitutional violation permitting a remedy under Section 1983.

Moreover, under that same federal statute the Commonwealth may not be sued for monetary damages. A state is not subject to suit under Section 1983, because it is not a "person" within the meaning of statute. <u>See</u> <u>Will</u> v. <u>Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

### IV.  <u>Sanctions against Attorney Novack</u>

It is essential to the administration of justice that attorneys obey court orders.  Fed. R. Civ. P. 16(f) authorizes the imposition of sanctions against an attorney if he fails to obey a pretrial order of the court.  Reflecting the inherent power of the district court, "all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation." <u>Media Duplication Servs., Ltd.</u> v. <u>HDG Software, Inc.</u>, 928 F.2d 1228, 1242 (1st Cir. 1991) (citing <u>Barreto</u> v. <u>Citibank, N.A.</u>, 907 F.2d 15, 16 (1st Cir. 1990).

Attorney Novack, who apparently is acting as a Special
Assistant Attorney General for the Commonwealth, did not respond
to Evariste's complaint, his several motions for default or
Magistrate Judge Boal's order to show cause.  As indicated at
the hearing January 22, 2020, the Court finds this conduct
wasteful of judicial resources and Attorney Novack's explanation
was unsatisfactory.  Sanctions in the form of a check payable to
"the Clerk of Court" in the amount of $500 shall be paid by
Attorney Novack no later than January 31, 2020.

## ORDER

In accordance with the foregoing:

1) The eight motions for default (Docket Nos. 18, 25, 27, 32,
33, 34, 38 and 43) are **DENIED;**

2) the motion of the defendants, Commonwealth of Massachusetts
and Officer Velez to dismiss (Docket No. 52) is **ALLOWED;** and

3) Attorney Novack is fined in the amount of $500, to be paid to
the Clerk of Court on or before January 31, 2020.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2020