# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

EMMANUEL EVARISTE,             )
       Plaintiff            )
                         )

v.                          )         C.A. No. 1:19-cv-10671-NMG
                         )

BRISTOL COUNTY SHERIFF'S OFFICE,  )
ET AL.,                     )
       Defendants           )

## DEFENDANT ALEX VELEZ' ASSENTED-TO MOTION TO EXTEND DISCOVERY DEADLINES

The Defendant, Alex Velez, pursuant to Federal Rule of Civil Procedure 6(b) ("Rule 6(b)"), respectfully moves this Honorable Court for an extension of time to complete discovery in this action.  Specifically, the Defendant requests that:

    (a) the deadline for exchanging information required under Fed. R. Civ. P. 26(a)(1), "Initial Disclosures", by the parties be extended to August 31, 2021;

    (b) the deadline for serving all written fact discovery be extended to August 31, 2021;

    (c) the deadline for completing all depositions, other than expert depositions, be extended to August 31, 2021; and

    (d) the deadline for completing all discovery, other than expert discovery, be extended to September 30, 2021.

As grounds therefore, the Defendant states that due to an inadvertent mistake, counsel for the Defendant was not aware of the Court's Scheduling Order, dated April 2, 2021, establishing a Timetable for Discovery and Motion Practice, until July 21, 2021. Pursuant to the record in this action, the Court entered Dkt# 163 into the record on April 2, 2021, which entry states, in part, under "Docket Text":

> "ORDER entered. SCHEDULING ORDER: A Status Conference is set for August 4, 2021 at 11:00 a.m. by Remote Proceeding at Boston before Magistrate Judge Jennifer C. Boal. Status Report due by August 2, 2021."

(Copy of record containing Dkt# 163, attached as Exhibit 1; copy of Scheduling Order attached as Exhibit 2).

1

As the Docket Text uses a colon (" : ") at the end of the phrase "SCHEDULING ORDER:", followed immediately by the Status Conference date, and the electronic message received by Defendant's counsel by email on April 2, 2021 contained the Docket Text (Exhibit 3), Defendant's counsel mistakenly believed that "Dkt# 163" in the record, which links to and opens a record when clicked, is a copy of the Docket Text for Dkt# 163, not a separate document. To the best of counsel for Defendant's knowledge and recollection, she did not click on the "Dkt# 163" to open the document it was linked to, as she would have calendared the deadlines contained in the Scheduling Order and saved a copy of it with other electronic records in this case in her computer, which Scheduling Order cannot be found in her computer files.

While the Defendant's counsel was not aware of the deadlines set by the Court in the Scheduling Order, the Defendant has nonetheless been working on discovery in this action. During the Hearing held before Magistrate Judge Jennifer C. Boal on March 25, 2021 regarding numerous pending motions and Plaintiff Emmanuel Evariste's motion for subpoena of records, the Court, from the bench, ordered the Defendant, as part of Initial Disclosures, to provide Plaintiff with any and all records not previously provided to the Plaintiff that relate to the March 7, 2019 and March 27, 2019 incidents at issue in this action ("Incidents").

Based on this Order, counsel for the Defendant has been assembling numerous records relating to the Incidents and conferring with Bristol County Sheriff's Office employees involved in or possibly having relevant information regarding the Incidents.  With respect to the numerous records being assembled, a great number of them consist of unit logbook pages from several housing units, over the course of several months, that contain handwritten entries of activity in the housing unit, including, but not limited to, required entries of security rounds and lockdown counts made, meals served, persons entering and exiting the unit, cell assignments, disciplinary matters, officers coming on or off duty for their assigned shifts, etc.  The names of inmates and

immigration detainees are recorded in these unit logbooks for a variety of reasons, including, but not limited to, disciplinary incidents, entering and exiting the unit, cell assignments, receipt of legal mail, and unusual activity within the unit that involves certain inmates or immigration detainees. The unit logbooks contain handwritten entries for each shift and day, i.e. "24/7 continuous entries", for each housing unit. The handwritten entries for a 24-hour period in one housing unit can generally spans 6-8 pages of the logbook.

Further, since the BCSO is prohibited from disclosing information relating to immigration detainees, including their names, as required under 8 C.F.R. § 236.6 (Exhibit 4), it is necessary for the Defendant to redact the names and identification numbers of all immigration detainees recorded in these numerous logbook pages who are not the Plaintiff or former ICE Detainee Dennis William ("William") in order to comply with § 236.6. William is the former ICE Detainee in BCSO custody that Plaintiff claims sexually propositioned him on March 7, 2019 in the Suffolk County Jail and who Plaintiff claims the Defendant attempted to place in Plaintiff's cell on March 27, 2019 to retaliate against him.

Since it is necessary for the Plaintiff and the Court to know that the name being redacted is not the Plaintiff or William, the redaction of the names is done in manner so as to leave the first initial of the immigration detainees' first and last names visible. The work to redact the names of the immigration detainees in the logbooks pages to be disclosed to Plaintiff is not yet complete and will take additional time to do so.

Further, during the March 25, 2019 hearing, the Plaintiff claimed that he told officers in the units he was housed in when he returned from Suffolk County on March 7, 2019 that an incident occurred in Suffolk County. Following the hearing, Sgt. Eric Cardoso, the BCSO investigator who investigated Plaintiff's March 28, 2019 complaint alleging that he was the victim of two Prison Rape Elimination Act incidents ("PREA") (March 7, 2019 and March 27,

3

2019), was assigned to determine which officers were on duty when the Plaintiff returned from Suffolk County on March 7, 2019 and to interview those officers regarding Plaintiff's claim that he told officers in his unit about the March 7, 2019 incident.  As the BCSO's end of fiscal year is June 30, it is common for many employees to be absent from work using their remaining leave, lest it expire, during the months of April, May and June 2021.  While the unavailability of employees during these periods of time delayed the completion of this investigation, the investigation is complete and a report of this investigation will be provided to Plaintiff as part of Initial Disclosures.

Further, counsel for the Defendant assigned as lead counsel in this matter, is also the BCSO attorney primarily responsible for handling all inmate lawsuits filed by inmates against the BCSO and its employees. While approximately 19 other civil actions and appeals were pending when the Court issued the Scheduling Order, many of which required counsel's attention, Defendant's counsel was required to expend a considerable amount of time drafting and filing an appellate brief in the Massachusetts Appeals Court in an unrelated matter and defending Plaintiff's motions to vacate the dismissal of a civil action in Suffolk Superior Court, *Evariste v. Sheriff Thomas Hodgson*, C.A. No. 1884CV02578, that had been dismissed by the Superior Court based on res judicata as the claims in C.A. No. 1884CV02578 are the same as in this action.  Plaintiff moved to vacate the dismissal of C.A. No. 1884CV02578 based on the First Circuit Court of Appeals decision remanding Plaintiff's deliberate indifference claim against Defendant back to this Court.

Moreover, on July 2, 2021, the Defendant served the Plaintiff with a notice of discovery conference, pursuant to L.R., D. Mass. 37, scheduled for July 20, 2021, to confer regarding discovery in order to resolve or narrow the areas of disagreement to the greatest possible extent. The Defendant included a copy of Defendant's First Request for Interrogatories for Plaintiff's

4

review and discussion during the conference.  On July 20, 2021, the Plaintiff and Defendant's counsel spoke by telephone for approximately 45 minutes to discuss discovery.

The Plaintiff was asked if he had any questions regarding the discovery enclosed with the notice and he did not respond.  Rather, the Plaintiff inquired of Defendant's counsel about his desire to interrogate Sgt. Cardoso regarding Plaintiff's claim that William was disciplined for a PREA incident in Plaintiff's unit prior to the March 7, 2019 incident. Plaintiff also requested a copy of a video recording of the hallway for the holding cell in the Suffolk County Jail where the Plaintiff claims he and William were held when William allegedly sexually propositioned Plaintiff.  Defendant's counsel informed the Plaintiff that the BCSO does not have the requested video or other records from Suffolk County other than a 1-page admission logbook page containing a record of Plaintiff and William being in Suffolk County custody on March 7, 2019. A copy of this admission record has already been provided to the Plaintiff by Defendant.

Plaintiff has not served the Defendant with any discovery requests under the Federal Rules of Civil Procedure.  Rather, the Plaintiff has made requests for records and to interrogate Sgt. Cardoso by email message, telephoned BCSO employees not involved in this action to request records, and made verbal requests to interrogate Sgt. Cardoso and for Suffolk County records during the Discovery Conference conducted by telephone on July 20, 2021.

In response to Plaintiff's repeated requests to be permitted to interrogate Sgt. Cardoso, which the Defendant presumes the Plaintiff is asking the Defendant to allow him to speak with Sgt. Cardoso by telephone without complying with the Federal Rules of Civil Procedure, Defendant's counsel explained to the Plaintiff that such interviews must be arranged in accordance with the Federal Rules of Civil Procedure.

Further, during the discovery conference, Defendant's counsel informed the Plaintiff that Defendant planned to file a motion to extend certain deadlines for completing discovery and

asked him if he would agree to an extension of time of up to 90 days.  The Plaintiff responded that he agreed to Defendant's request. The extensions of time requested herein would apply to Plaintiff as well as the Defendant.

Accordingly, the foregoing shows that the Defendant has been working on discovery, has engaged in discovery talks with the Plaintiff and that progress on completing discovery has been delayed by other matters Defendant's counsel was required to attend to, including the time-consuming task of drafting an appellate brief and opposing Plaintiff's attempt to reopen a state action alleging the same claims as in this action and that had been dismissed based on res judicata.

The Affidavit of Lorraine J. Rousseau, Esq. is attached hereto in further support of this motion.

WHEREFORE, based on the foregoing, Defendant Alex Velez respectfully requests that the Court allow his Assented-To Motion to Extend Discovery Deadlines in this action, as requested herein, or for such other relief as the Court may deem just and proper.

Date:   July 23, 2021

Respectfully submitted,

Defendant,
ALEX VELEZ,

By his attorney,

/s/ Lorraine J. Rousseau
Lorraine J. Rousseau, Esq., BBO No. 561989
Massachusetts Special Assistant Attorney General
Bristol County Sheriff's Office
400 Faunce Corner Road
North Dartmouth, MA 02747
Tel. (508) 995-1311; Fax (508) 995-7835
lorrainerousseau@bcso-ma.org

By his attorney,


/s/ Robert C. Heroux
Robert C. Heroux, Esq., BBO No. 553904
Massachusetts Special Assistant Attorney General
Bristol County Sheriff's Office
400 Faunce Corner Road
North Dartmouth, MA 02747
Tel. (508) 995-1311; Fax (508) 995-7835
robertheroux@bcso-ma.org


## CERTIFICATE OF SERVICE

I, Lorraine J. Rousseau, hereby certify that on July 23, 2021, I filed the above document and the Affidavit of Lorraine J. Rousseau, Esq. through the Court's electronic filing system (ECT).  A copy of the above document will be served on the pro se Plaintiff Emmanuel Evariste and the Commonwealth of Massachusetts as follows:

For the Commonwealth of Massachusetts:

    A.  By first-class postage prepaid mail to:

        Maura T. Healey
        Attorney General
        Massachusetts Attorney General's Office
        One Ashburton Place
        Boston, MA 02108

For Plaintiff Emmanuel Evariste:

    A.  By email transmission to mannywallst@gmail.com and by first-class postage prepaid mail to:

        Emmanuel Evariste
        2871 Oakville Ct.
        Snellville, GA 30039


/s/ Lorraine J. Rousseau
Lorraine J. Rousseau

| 03/30/2021 | 160 | MEMORANDUM OF LAW by Emmanuel Evariste to 156 Order Referring Case to Magistrate Judge. (Vieira, Leonardo) (Entered: 03/31/2021) |
|---|---|---|
| 04/01/2021 | 161 | MOTION for Extension of Time to April 30, 2021 to respond to and/or supplement Defendants oppositions and responses to Plaintiffs numerous motions and filings and to Velezs Motion for Summary Judgment and Motion to Dismiss , MOTION for Leave to File *responses to and/or supplement Defendants oppositions and responses to Plaintiffs numerous motions and filings and to Velezs Motion for Summary Judgment and Motion to Dismiss* ( Responses due by 4/15/2021) by Officer Velez. (Attachments: # 1 Affidavit of Lorraine J. Rousseau, Esq.)(Rousseau, Lorraine) (Entered: 04/01/2021) |
| 04/02/2021 | 162 | Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATIONS re 107 MOTION for Reconsideration by Emmanuel Evariste, 111 MOTION for Reconsideration filed by Emmanuel Evariste, 117 MOTION to Amend filed by Emmanuel Evariste, 120 MOTION Amend back to Respondent Superior Claim filed by Emmanuel Evariste, 151 Opposition to Motion, filed by Officer Velez, 155 MOTION to Dismiss filed by Officer Velez, 158 MOTION for Summary Judgment filed by Emmanuel Evariste, **Recommendation:** This Court recommends that Judge Gorton deny Evariste's motions at Docket Nos. 107 , 111 , 117 , 120 , and 158 . I also recommend that Judge Gorton deny without prejudice Velez's motions for summary judgment, to dismiss, and for sanctions (Docket Nos. 151 and 155 ). Objections to R&R due by 4/16/2021(York, Steve) (Entered: 04/02/2021) |
| 04/02/2021 | 163 | Magistrate Judge Jennifer C. Boal: ORDER entered. SCHEDULING ORDER:<br><br>A Status Conference is set for August 4, 2021 at 11:00 a.m. by Remote Proceeding at Boston before Magistrate Judge Jennifer C. Boal. Status Report due by August 2, 2021.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(York, Steve) (Entered: 04/02/2021) |
| 04/02/2021 | 164 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING AS MOOT 161 Motion for Extension of Time. In light of this Court's recommendation that Judge Gorton deny Evariste's dispositive motions and deny Velez's motions for summary judgment and to dismiss without prejudice, and the issuance of a scheduling order, the motion is denied as moot. (York, Steve) (Entered: 04/02/2021) |
| 04/02/2021 | 165 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 121 Motion Urgent Motion for Subpoena. See dkt. 162 . (York, Steve) (Entered: 04/02/2021) |
| 04/03/2021 | 171 | NOTICE OF APPEAL as to 169 Order on Motion for Miscellaneous Relief,, by Emmanuel Evariste NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL EVARISTE,  )  )  ) | |
| Plaintiff,  )  )  ) | |
| v.  )  ) | Civil Action No. 19-10671-NMG |
| ALEX VELEZ,  )  )  ) | |
| Defendant.  )  ) | |

## SCHEDULING ORDER

April 2, 2021

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1.    **Initial Disclosures:** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **April 20, 2021.**

2.    **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **April 30, 2021.**

3.    **Fact Discovery - Interim Deadlines.**

       a.    All written fact discovery must be served by **June 30, 2021.**

       b.    All depositions, other than expert depositions, must be completed by **August 31, 2021.**

4.    **Fact Discovery - Final Deadline.** All discovery, other than expert discovery, must be completed by **August 31, 2021.**

1

5. **Status Conference.** A status conference will be held on **August 4, 2021 at 11:00 a.m.** By **August 2, 2021**, the parties shall file a STATUS REPORT indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

## Procedural Provisions

1. **Status Conferences.** The Court has scheduled a status conference after (or close to) the close of discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

2. **Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

3. **Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

4. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

5. **Modification of Scheduling Order.** Pursuant to Local Rule 16.1(g), the Scheduling Order, having been established with the participation of all parties, can be modified only by court order, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the

2

additional discovery, join other parties, amend the pleadings, or file a motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

3

**Ex. 3-1**

## Lorraine Rousseau

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Friday, April 02, 2021 3:13 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:19-cv-10671-NMG Evariste v. Bristol County Sheriff's Office Scheduling Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### District of Massachusetts

### Notice of Electronic Filing

The following transaction was entered on 4/2/2021 at 3:13 PM EDT and filed on 4/2/2021

**Case Name:** Evariste v. Bristol County Sheriff's Office
**Case Number:** 1:19-cv-10671-NMG
**Filer:**
**WARNING: CASE CLOSED on 01/24/2020**
**Document Number:** 163

**Docket Text:**
Magistrate Judge Jennifer C. Boal: ORDER entered. SCHEDULING ORDER:

**A Status Conference is set for August 4, 2021 at 11:00 a.m. by Remote Proceeding at Boston before Magistrate Judge Jennifer C. Boal. Status Report due by August 2, 2021.**

**This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.**

**Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.**

**For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.**

**(York, Steve)**

**1:19-cv-10671-NMG Notice has been electronically mailed to:**

1

**Ex. 3-2**

Robert C. Heroux     robertheroux@bcso-ma.org

Robert M. Novack     robert.novack@comcast.net

Lorraine J. Rousseau     lorrainerousseau@bcso-ma.org

**1:19-cv-10671-NMG Notice will not be electronically mailed to:**

Emmanuel Evariste
2871 Oakwilde Ct
Snellville, GA 30039

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=4/2/2021] [FileNumber=9241646-0]
[1797dec6c59287d2797c31eacb37a5b0b9a627b4ec1ffdae490c06baf676944c5720
9ce8bfe85647b8825b43a686211914cc4cdb457769ae5d41b32ba10a5531]]

§ 236.6 Information regarding detainees., 8 C.F.R. § 236.6
Case 1:19-cv-10671-NMG Document 193 Filed 07/23/21 Page 14 of 14
**Ex. 4**

Code of Federal Regulations
  Title 8. Aliens and Nationality
    Chapter I. Department of Homeland Security (Refs & Annos)
      Subchapter B. Immigration Regulations
        Part 236. Apprehension and Detention of Inadmissible and Deportable Aliens; Removal of Aliens Ordered Removed (Refs & Annos)
          Subpart A. Detention of Aliens Prior to Order of Removal

8 C.F.R. § 236.6

§ 236.6 Information regarding detainees.

Currentness

No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders. Insofar as any documents or other records contain such information, such documents shall not be public records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.

**Credits**
[67 FR 19511, April 22, 2002; 68 FR 4367, Jan. 29, 2003]

SOURCE: 62 FR 10360, March 6, 1997; 63 FR 27449, May 19, 1998; 67 FR 19511, April 22, 2002; 68 FR 4367, Jan. 29, 2003; 68 FR 10923, March 6, 2003; 68 FR 35275, June 13, 2003; 84 FR 44525, Aug. 23, 2019, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a; 6 U.S.C. 112(a)(2), 112(a)(3), 112(b)(1), 112(e), 202, 251, 279, 291; 8 U.S.C. 1103, 1182, 1224, 1225, 1226, 1227, 1231, 1232, 1357, 1362; 18 U.S.C. 4002, 4013(c)(4); 8 CFR part 2.

Notes of Decisions (4)

Current through July 15, 2021; 86 FR 37250.

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.