UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL EVARISTE,<br>        Plaintiff | )<br>)<br>) |
| v. | )    C.A. No. 1:19-cv-10671-NMG |
| | ) |
| BRISTOL COUNTY SHERIFF'S OFFICE,<br>ET AL.,<br>        Defendants | )<br>)<br>)<br>) |

### AFFIDAVIT OF LORRAINE J. ROUSSEAU, ESQ.

NOW comes Lorraine J. Rousseau, Esq., under oath, deposes and states as follows:

1. I am an attorney admitted to practice law in the United States District Court for the District of Massachusetts and the within the Commonwealth of Massachusetts.

2. I am employed as an attorney by the Bristol County Sheriff's Office ("BCSO").

3. I represent Defendant Alex Velez in this action.

4. This Affidavit is filed in support of the *Alex Velez' Assented-To Motion To Extend Discovery Deadlines*.

5. Due to an inadvertent mistake, counsel for the Defendant was not aware of the Court's Scheduling Order ("Order"), dated April 2, 2021, establishing a Timetable for Discovery and Motion Practice, until July 21, 2021.

6. Pursuant to the record in this action, the Court entered Dkt# 163 into the record on April 2, 2021, which entry states, in part, under "Docket Text":

"ORDER entered. SCHEDULING ORDER: A Status Conference is set for August 4, 2021 at 11:00 a.m. by Remote Proceeding at Boston before Magistrate Judge Jennifer C. Boal. Status Report due by August 2, 2021."

7. As the Docket Text uses a colon (" : ") at the end of the phrase "SCHEDULING ORDER:", followed immediately by the Status Conference date, and the electronic message

1

received by Defendant's counsel by email on April 2, 2021 contained the Docket Text (Exhibit 2), Defendant's counsel mistakenly believed that "Dkt# 163" in the record, which links to and opens a record when clicked, is a copy of the Docket Text for Dkt# 163, not a separate document.

8.    To the best of counsel for Defendant's knowledge and recollection, she did not click on the "Dkt# 163" to open the document it was linked to, as she would have calendared the deadlines contained in the Scheduling Order and would have saved a copy of it with other electronic records in this case in her computer. A copy of the Scheduling Order cannot be found in her computer files.

9.    While the Defendant's counsel was not aware of the deadlines set by the Court in the Order, the Defendant has nonetheless been working on discovery in this action.

10.   During the Hearing held before Magistrate Judge Jennifer C. Boal on March 25, 2021 regarding numerous pending motions and Plaintiff's motion for subpoena of records, the Court, from the bench, ordered the Defendant, as part of Initial Disclosures, to provide Plaintiff with any and all records not previously provided to the Plaintiff that relate to the March 7, 2019 and March 27, 2019 incidents at issue in this action ("Incidents").

11.   Based on this Order, counsel for the Defendant has been assembling numerous records relating to the Incidents and conferring with Bristol County Sheriff's Office employees involved in or possibly having relevant information regarding the Incidents.

12.   A great number of the numerous records being assembled consist of unit logbook pages from several housing units, over the course of several months, that contain handwritten entries of activity in the housing unit, including, but not limited to, required entries of security

rounds and lockdown counts made, meals served, persons entering and exiting the unit, cell assignments, disciplinary matters, officers coming on or off duty for their assigned shifts, etc.

13. The names of inmates and immigration detainees are recorded in these unit logbooks for a variety of reasons, including, but not limited to, disciplinary incidents, entering and exiting the unit, cell assignments, receipt of legal mail, and unusual activity within the unit that involves certain inmates or immigration detainees.

14. The unit logbooks contain handwritten entries for each shift and day, i.e. "24/7 continuous entries", for each housing unit.

15. The handwritten entries for a 24-hour period in one housing unit can generally spans 6-8 pages of the logbook.

16. Because the BCSO is prohibited from disclosing information relating to immigration detainees, including their names, as required under 8 C.F.R. § 236.6, it is necessary for the Defendant to redact the names and identification numbers of all immigration detainees recorded in these numerous logbook pages who are not the Plaintiff or former ICE Detainee Dennis William ("William") in order to comply with § 236.6.

17. William is the former ICE Detainee in BCSO custody that Plaintiff claims sexually propositioned him on March 7, 2019 in the Suffolk County Jail and who Plaintiff claims the Defendant attempted to place in Plaintiff's cell on March 27, 2019 to retaliate against him.

18. Since it is necessary for the Plaintiff and the Court to know that the name being redacted is not the Plaintiff or William, the redaction of the names is done in manner so as to leave the first initial of the immigration detainees' first and last names visible.

19. The work to redact the names of the immigration detainees in the logbooks pages to be disclosed to Plaintiff is not yet complete and will take additional time to do so.

20. During the March 25, 2019 hearing, the Plaintiff claimed that he told officers in the units he was housed in when he returned from Suffolk County on March 7, 2019 that an incident occurred in Suffolk County.

21. Following the hearing, Sgt. Eric Cardoso, the BCSO investigator who investigated Plaintiff's March 28, 2019 complaint alleging that he was the victim of two Prison Rape Elimination Act incidents (March 7, 2019 and March 27, 2019), was assigned to determine which officers were on duty when the Plaintiff returned from Suffolk County on March 7, 2019 and to interview those officers regarding Plaintiff's claim that he told officers in his unit about the March 7, 2019 incident.

22. As the BCSO's end of fiscal year is June 30, it is common for many employees to be absent from work using their remaining leave, lest it expire, during the months of April, May and June 2021.

23. While the unavailability of employees during these periods of time delayed the completion of this investigation, the investigation is complete and a report of this investigation will be provided to Plaintiff as part of Initial Disclosures.

24. Counsel for the Defendant assigned as lead counsel in this matter, is also the BCSO attorney primarily responsible for handling all inmate lawsuits filed by inmates against the BCSO and its employees.

25. While approximately 19 other civil actions and appeals were pending when the Court issued the Scheduling Order, many of which required counsel's attention, Defendant's counsel was required to expend a considerable amount of time drafting and filing an appellate brief in the Massachusetts Appeals Court in an unrelated matter and defending Plaintiff's motions to vacate the dismissal of a civil action in Suffolk Superior Court, *Evariste v. Sheriff*

*Thomas Hodgson*, C.A. No. 1884CV02578, that had been dismissed by the Superior Court based on res judicata as the claims in C.A. No. 1884CV02578 are the same as in this action.

26. Plaintiff moved to vacate the dismissal of C.A. No. 1884CV02578 based on the First Circuit Court of Appeals decision remanding Plaintiff's deliberate indifference claim against Defendant back to this Court.

27. On July 2, 2021, the Defendant served the Plaintiff with a notice of discovery conference, pursuant to L.R., D. Mass. 37, scheduled for July 20, 2021, to confer regarding discovery in order to resolve or narrow the areas of disagreement to the greatest possible extent.

28. The Defendant included a copy of Defendant's First Request for Interrogatories for Plaintiff's review and discussion during the conference.

29. On July 20, 2021, the Plaintiff and Defendant's counsel spoke by telephone for approximately 45 minutes to discuss discovery.

30. The Plaintiff was asked if he had any questions regarding the discovery enclosed with the notice and he did not respond.

31. Rather, the Plaintiff inquired of Defendant's counsel about his desire to interrogate Sgt. Cardoso regarding Plaintiff's claim that William was disciplined for a PREA incident in Plaintiff's unit prior to the March 7, 2019 incident.

32. Plaintiff also requested a copy of a video recording of the hallway for the holding cell in the Suffolk County Jail where the Plaintiff claims he and William were held when William allegedly sexually propositioned Plaintiff.

33. Defendant's counsel informed the Plaintiff that the BCSO does not have the requested video or other records from Suffolk County other than a 1-page admission logbook

page containing a record of Plaintiff and William being in Suffolk County custody on March 7, 2019.

34. A copy of the Suffolk County admission record has already been provided to the Plaintiff by Defendant.

35. Plaintiff has not served the Defendant with any discovery requests under the Federal Rules of Civil Procedure. Rather, the Plaintiff has made requests for records and to interrogate Sgt. Cardoso by email message, telephoned BCSO employees not involved in this action to request records, and made verbal requests to interrogate Sgt. Cardoso and for Suffolk County records during the Discovery Conference conducted by telephone on July 20, 2021.

36. In response to Plaintiff's repeated requests to be permitted to interrogate Sgt. Cardoso, which the Defendant presumes the Plaintiff is asking the Defendant to allow him to speak with Sgt. Cardoso by telephone without complying with the Federal Rules of Civil Procedure, Defendant's counsel explained to the Plaintiff that such interviews must be arranged in accordance with the Federal Rules of Civil Procedure.

37. During the discovery conference, Defendant's counsel informed the Plaintiff that Defendant planned to file a motion to extend certain deadlines for completing discovery and asked him if he would agree to an extension of time of up to 90 days. The Plaintiff responded that he agreed to Defendant's request.

38. The extensions of time requested herein would apply to Plaintiff as well as the Defendant.

Signed under the penalties and pains of perjury the 23rd day of July, 2021.

                                                    /s/ *Lorraine J. Rousseau*
                                                    Lorraine J. Rousseau, Esq.