# US DISTRICT COURT

Emmanuel Evariste

v.

Alex Velez

No. 19−10671−NMG

## MOTION FOR SUMMARY JUDGMENT

Now moves, plaintiff with his motion for summary judgment against defendant on the grounds of preponderance of evidence as the burden of proof. The burden of proof in this matter cannot be clear and convincing evidence because there's a conflict of interest if the clear and convincing evidence must be a surveillance tape, a BCSO document as an incident report, or a written or oral admission of facts from the defendant or his witnesses. It may be unethical for the plead against liability but that would be defendant legal defense when there's no independent way of fact-finding an incident involving an incarcerated party. An inmate has no cellphone or audio recording device. It's unlikely any of the facility employees would jeopardize their employment to support an inmate's abuse claim if the employee wasn't obligated to. Therefore the only burden of proof that can be applied in this matter due to the circumstances is the preponderance of evidence. Which party has more credibility before this court?

A) The Admission of fact-finding

1) The defendant's former counsel Robert Novack was sanctioned by the court for an inexcusable default of appearance on the matter.

2) The defendant's former counsel admits he made inconsistent statements about Bristol County Sheriff Dept officials traveling to Suffolk County HOC to properly investigate the March 7 incident; however, Novack recently wrote an affidavit 2 years to admit he made inconsistent statements and the official Sgt. Cordoso never traveled to Suffolk county jail, he only made a phone call.

3) Defendant Alex Velez who is no longer employed by BCSO stated in his affidavit he was unaware of any prior PREA reports regarding detainee William. However, officer Velez was on duty the night of the incident with detainee William and his

cellmate. Plaintiff had suggested defendant counsel to provide the court with the defendant fire card or to at least address whether the defendant was on duty but defendant counsel completely avoided the issue. I, the plaintiff, was certain that the defendant was present in the unit. Therefore defendant Velez made inconsistent statements which has become a routine for this matter.

4) Plaintiff asserts under oath that defendant Velez and the mail delivering Lieutenant mocked about the March 7 incident prior to the second incident on March 27. Defendant has never addressed that accusation. His defense counsel stated the plaintiff had the date incorrect because he was still in segregation. Well the plaintiff admits to having the date incorrect but the plaintiff recalls the incident vividly. Plaintiff did not record a notebook. Throughout this matter the plaintiff has done his best to give an accurate account of events. That includes time and date. Defendant rebukes the date but not the incident. Defendant knows the plaintiff is correct about the incident.

5) Defendant counsel Rousseau who tried to discredit my account of events for mistakenly a date, herself had a computer or full document record of detainee William incident at BCSO failed to inform the court of the incident regarding detainee William and his cellmate. Her reason was because the plaintiff mistakenly stated the incident with William and his cellmate occurred in cell 243 when in fact detainee William was instead being housed in cell 241. That was her reason for making the inconsistent statement that detainee William had no prior incident other than the ones alleged by the plaintiff. Counsel Rousseau later apologized to the court and clarified her inconsistent statement.

6) Sgt Cordoso and The Prea Coordinator Sean Rubbert who actually investigated the incident with detainee William both made the inconsistent statement that they were unaware of detainee William being involved in any other PREA incident other than the incident involving plaintiff. They both later changed their accounts of events and admitted that the detainee was involved in an alleged PREA incident in cell 241 with his cellmate. S@ Cordoso and Coordinator Rubbert admitted they were the ones who investigated the incidents. Defendant counsel Rousseau had detained William's record in front of her but yet made inconsistent state. Sgt Cordoso and Mr. Rubbert state they actually investigated the incident they failed to disclose because to their assertion, the incident was consensual, however serious enough for the other cellmate in 241 to tossed out in the hallway the

detainee's bed and sheets who involve in the incident stating they can't reside in the room anymore.

7) These are the same people in charge of corroborating and providing the reports to confirm the plaintiff claims. I, the plaintiff, couldn't trust these folks to tell the court their real name let alone compromise evidence or reports that would hold them as accountable as the defendant himself.

8) Furthermore, Sgt Cordoso admitted to a more inconclusive statement in his amended affidavit that he never traveled to Suffolk county HOC.

### B) The Argument

Now the plaintiff who is pro se and was an inmate at the time of incident bears the burden to provide video surveillance, BCS0 reports, and BCSO employee witness statement. But the defendant who has the clear advantage has still proven to tell numerous inconsistent statements starting from their initial appearance before Judge Gorton when they were sanctioned to now changing their entire statements. The burden of proof must be the preponderance of evidence.

The plaintiff has exercised a clear responsibility to the duty to be truthful and forthcoming before this honorable court. Since the beginning of this matter until now, the plaintiff has never changed his story. Even when making a clear mistake such as dates, the plaintiff has remained unhinged and forthcoming as possible.

### Conclusion

The state created danger. The defendant had a duty to protect the plaintiff but failed to protect the plaintiff from a subjective risk of harm as stated as articulated in Farmer at US 511. The defendant negligently and intentionally did this because there was unmitigated issue between the defendant and the Plaintiff over a nurse and other negative encounters between the parties. Nevertheless, the defendant had an absolute duty to protect the defendant which he intentionally failed to do. Defendant admitted himself in his affidavit, he was the one that made the decision to place detainee William in plaintiff's cell on March

27. The plaintiff seeks summary judgment against the defendant. Plaintiff also suggest a following hearing to address relief demand

<u>Certificate of service</u>

I, Emmanuel Evariste certify under penalty of perjury that a copy of this filing was served on opposing party on September 25, 2020 at BCSO, 400 Faunce Corner Rd, North Dartmouth, MA 07427

                                                Respectfully submitted,

                                                  Emmanuel Evariste

                                                  9/25/21